NO. 07-11-00278-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
26, 2011

 



 

THOMAS M. THOMAN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW #3 OF
WILLIAMSON COUNTY;

 

NO. 10-08591-3; HONORABLE DOUG ARNOLD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

ORDER

 

Appearing pro se, appellant Thomas M. Thoman has appealed his misdemeanor
conviction and sentence for failure to identify--fugitive.[1]  By this order, we dispose of all pending
matters pertaining to the absence of a reporter’s record and the filing of
appellant’s brief.

 

 

Background

            The
clerk’s record was filed on June 29, 2011. 
On July 11, appellant filed a motion requesting transfer of this appeal
to the Third District Court of Appeals.[2]  We forwarded the motion to the Supreme Court
of Texas, where it was denied by order. 
Also on July 11, appellant filed a one-page document entitled “appeal.”  It states two issues and indicates a
“memorandum in support” will follow.  

In a status report filed on July 14,
the court reporter notified us that appellant had not requested the reporter’s
record and had not paid or made acceptable payment arrangements for its
preparation.  We ordered appellant to
satisfy the requirements of the court reporter by August 1.  On August 3, appellant filed a document
entitled “notice and demand for court record.” 
Therein he demanded preparation of the reporter’s record without
payment.  The following day the reporter
filed a letter indicating appellant had not made satisfactory payment
arrangements.  She enclosed a copy of a
letter from appellant to her whereby he offered to pay for the reporter’s
record “in gold or silver coins.”  By
letter of August 10, we directed appellant to file a motion and affidavit
according to Appellate Rule 20.2 if he believed himself indigent.  We afforded him ten days to do so.  

            On
August 23, the clerk of this court learned from the trial court clerk that
appellant had not filed a motion and affidavit of indigence.  Also on August 23, appellant filed with this
court a document entitled “notice and demand for due process under the law of
the land.”  By this document, appellant
indicated his intention not to assert indigence, but nonetheless asserted he
was entitled to a reporter’s record on demand since “due process of the law of
the land” entitled him to be heard on appeal.

Discussion

            The
obligation of the court reporter to prepare, certify, and file the reporter’s
record does not mature until, among other things, the party responsible for
payment makes payment or satisfactory arrangements or is entitled to proceed
without payment.  Tex. R. App. P.
35.3(b)(3).[3]  A party believing himself indigent is
entitled to apply to the trial court for an order and if that court finds
indigency it must order the reporter to prepare a transcript.  Tex. R. App. P. 20.2.  The Appellate Rules do not, however, grant an
appellant a free reporter’s record merely because he finds the indigence
procedure “repugnant,” chooses to deal in a means of exchange other than United
States currency, or believes “due process of the law of the land” obligates the
county to pay for the reporter’s record without a showing of indigence.

Orders

            We
find appellant’s “notice and demand for court record” and “notice and demand
for due process under the law of the land,” each lack merit.  Any relief appellant seeks through these
documents is denied.

            To
the extent appellant intended the document entitled “appeal” filed on July 11
as his appellate brief, the document is struck. 
Whether appearing pro se or by
counsel, appellant shall file a brief complying with Appellate Rule 38.1.  Tex. R. App. P. 38.1.

The reporter’s record shall be filed
by September 12, 2011.  Because appellant
is not proceeding as an indigent, he is not entitled to a free reporter’s
record.  Nothing herein precludes
appellant from purchasing the reporter’s record under payment arrangements
acceptable to the reporter, but the reporter has no obligation to prepare,
certify, and file the reporter’s record until appellant satisfies the
requirements of Appellate Rule 35.3(b)(2) and (3).  The reporter shall file a status report if
the reporter’s record is not filed by September 12, 2011.    

Appellant’s brief shall be filed on
or before September 29, 2011.  If the
reporter’s record is not filed, due to the fault of appellant, we will only
consider and decide those issues or points in his brief that do not require a
reporter’s record for a decision.  Tex.
R. App. P. 37.3(c).

 

            It is
so ordered.

 

Per Curiam

 

 

Do not publish.

 

 











[1]  See Tex. Penal Code Ann. § 38.02 (West
2011).

 





[2] This appeal was transferred to this
court from the Third Court of Appeals by docket equalization order of the
Supreme Court of Texas.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).

 





[3] Tex. R. App. P. 35.3(b) provides:

Reporter’s Record. 
The official or deputy reporter is responsible for preparing,
certifying, and timely filing the reporter’s record if:

(1) a notice of appeal has been filed;

(2) the appellant has requested that the reporter’s
record be prepared; and

(3) the party responsible for paying for the
preparation of the reporter’s record has paid the reporter’s fee, or has made
satisfactory arrangements with the reporter to pay the fee, or is entitled to
appeal without paying the fee.